

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Willie O'Neal
County Auditor
Carson County
Panhandle, Texas

Dear Madam:

Opinion No. O-1282
Re: Whether the usual fees
allowed officers in crimi-
nal cases may be paid to a
county traffic officer em-
ployed under the provisions
of Article 6699, Revised
Civil Statutes, 1925, as
amended, without the same
being charged to the ac-
count of the sheriff.

Considering your letter of August 15 requesting
an opinion from this department, and to which the above
opinion number has been assigned, we quote therefrom as
follows:

"This county has taken advantage
of the provisions of this Article to
employ a county traffic officer. Re-
cently said officer incurred consider-
able mileage and other expense in run-
ning down some wheat thieves, and I
wish to know as to whether or not he
can be paid the usual officers fees in
said cases without the same being
charged to the account of the sheriff.

"From the provision of this Arti-
cle which says the compensation paid
such traffic officers shall not be
taken into consideration in computing
the fees of the sheriff but before al-
lowing same, I wish to have your opin-
ion in regard to same.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. Willie O'Neal, Page 2

> "I enclose copy of the court or-
> der employing such officer and setting
> his compensation."

In viewing the copy of the order of your Commis-
sioners' Court employing said officer, the following pro-
vision is taken therefrom relative to the method of compen-
sation:

> ". . . and the compensation to be
> paid said deputy is hereby fixed at
> the sum of $50.00 per month plus the
> fees of office earned by said traffic
> officer; to be paid in lieu of the
> deputy enforcement officer at Groom,
> Texas, and not to exceed any limit set
> by the laws of the State."

Article 6699, Revised Civil Statutes, 1925, as
amended by the Forty-fifth Legislature, Chapter 225, pro-
vides:

> "The Commissioners' Court of each
> county, acting in conjunction with the
> Sheriff, may employ not more than two
> (2) regular deputies, nor more than
> two (2) additional deputies for spe-
> cial emergency to aid said regular
> deputies, to be known as county traf-
> fic officers to enforce the highway
> laws of this State regulating the use
> of the public highways by motor ve-
> hicles. Said deputies shall be, when-
> ever practicable, motorcycle riders,
> and shall be assigned to work under the
> direction of the Sheriff. They shall
> give bond and take oath of office as
> other deputies. They may be dismissed
> from service on request of the Sheriff
> whenever approved by the Commissioners'
> Court, or by said Court on its own ini-
> tiative, whenever their services are no
> longer needed or have not been satis-
> factory. The Commissioners' Court
> shall fix their compensation prior to
> their selection, and may provide at the
> expense of the county, necessary equip-
> ment for said officers. The pay of said
> deputies shall not be included in the

Mrs. Willie O'Neal, Page 3

settlements of the Sheriff in account-
ing for the fees of office. For the
purpose of this law, the Commissioners'
Courts of counties whose funds from the
motor registration fees provided herein
amount to Thirty Thousand Dollars
($30,000) or over, may use not exceed-
ing five (5) per cent of said funds;
and not to exceed seven and one-half
(7½) per cent of such funds in counties
receiving a lesser amount from such
registration. Said deputies shall at
all times cooperate with the police de-
partment of each city or town within
the county, in the enforcement of said
traffic laws therein and in all other
parts of the county, <u>and shall have the
same right and duty to arrest violators
of all laws as other Deputy Sheriffs
have.</u>" (Underscoring ours.)

Article 6699a, Revised Civil Statutes, 1925, ap-
plicable to all counties whose population do not exceed
125,000 and its relevant provisions relating to the compen-
sation to be paid such officers, provides:

"Deputies shall be paid a salary
out of the general county fund not to
exceed one hundred and fifty ($150)
dollars per month, the salary to be
fixed by the Commissioners' Court,
and in addition thereto the commis-
sioners' court is hereby authorized
to provide at the expense of the
county such necessary uniforms, caps
and badges, such badges to be not
less than two inches by three inches
in dimensions, and other necessary
equipment, to include a motorcycle
and its maintenance, as is necessary
for them to discharge their duties.
The salaries paid to said deputies
acting as such highway officer shall
be paid direct to said deputies by
the commissioners' court, and such
salaries shall be independent of any
salary or fee paid to the sheriff and
all of his deputies not so acting as
highway officers, and the sheriff

Mrs. Willie O'Neal, Page 4

shall not be required to account for the salaries provided for herein as fees of office or as salary to the sheriff or his other deputies. Such deputies as are provided for herein shall be appointed by the commissioners' court and be deputized by either the sheriff or any constable of the county in which they are appointed, and no other officers shall make arrests in this State for violation of laws relating to highways now in effect in this State. Such deputies as provided for herein shall at all times when in the performance of their duties wear a full uniform with a cap and badge, the badge to be displayed on the outside of the uniform in a conspicuous place. Such officers shall remain in and upon the highway, and at all times patrol the same while in the performance of their duties, only leaving the highway to pursue any offender whom such officers were unable to apprehend upon the highway itself. No arrest by any such officer shall be binding or valid upon the person apprehended if the officer making such arrest was in hiding or if he set a trap to apprehend persons traveling upon the highway. No fees or charges whatever shall be made for the service of such officers provided for herein, nor shall any fee for the arrests made by such officers be charged and taxed as costs or paid to such officers in any case in which such officers shall make an arrest. Such officers shall perform all their duties and make arrests for violation of any law of this State appertaining to the control and regulation of vehicles operating in and upon any highway, street, or alley of this State. . ."

It is well for us to consider somewhat the history of the foregoing statutes and their application in view of the fact that your request, accompanied by a copy of the order of the Commissioners' Court, raises a question which we must necessarily answer and which concerns

the method of compensation as provided in the Commissioners' Court order; that is, whether same is authorized.

Prior to the amendment by the Forty-fifth Legislature, Article 6699, supra, said provisions authorizing the employment of county traffic officers were, in material respects, the same as existed since 1919 when the Thirty-sixth Legislature enacted Chapter 127 with Article 6699 contained in Section 5 thereof. It will be noted that the only change in said Article made by the Forty-fifth Legislature was the addition of the words found above underscored, which allows said traffic officers the **same right and duty to arrest violators of all laws as other deputy sheriffs**. The Acts of 1919, Chapter 127, Thirty-sixth Legislature, enacted in five sections, and being exclusive authority for the employment of such traffic officers up to 1925, contained no expressed mode of compensating such county traffic officers other than the "Commissioners' Court shall fix their compensation prior to their selection, . . ." By the Acts of 1925, the Thirty-ninth Legislature enacted Chapter 58, amending Section 4 of the 1919 Act, Chapter 127, Thirty-sixth Legislature, Article 6699a, supra, which provides that such deputies shall be paid a salary out of the general fund, and that such salary is to be fixed by the Commissioners' Court.

Such officers are in fact deputies, working under the direction of the sheriff. However, such officers are a special class of deputies, known as the county traffic officers, and prior to the amendment of Article 6699 by the Forty-fifth Legislature their duties were confined solely to enforcement of the highway laws of the State and to this field their authority was limited. Since the amendment by the Forty-fifth Legislature, Article 6699, supra, the Legislature has seen fit to broaden their field of operation by giving said deputies or county traffic officers the right and duty to arrest violators of all laws.

Statutes providing fees for public officers are to be strictly construed. It is submitted that only those officers named in the fee statutes, Article 3883, et seq., when compensated on a fee basis, are entitled to any fees earned for services performed wherein such fees are fixed by law. The fees earned by regular deputies under other provisions of our statutes are payable and attached to the office of the Sheriff employing said deputies under these laws. Such deputies in counties on a fee basis are compensated out of the fees of the particular office, their only means of compensation. Not only has the Legislature provided a different method for compensating the county traf-

fic officers authorized under the provisions of the foregoing statutes but the Legislature has expressly provided therein that <u>the pay of said deputies shall not be included in the settlements of the sheriff in accounting for the fees of office</u>.

It is a general rule of statutory construction that a specific provision relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the laws which might otherwise be broad enough to include it. Another familiar rule is that where authority is given to do a particular thing and the mode of doing it is prescribed, it is limited to be done in that mode; all other modes are excluded.

In view of the foregoing, it is, therefore, the opinion of this department that such county traffic officers or deputies employed under the provisions of Article 6699, Revised Civil Statutes of 1925, as amended, cannot be paid the usual fees which are allowed to be earned by regular deputies in the sheriff's office to which said fees attach, but shall be compensated exclusively under the provisions of Article 6699a, Revised Civil Statutes of 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

WmK:FG

APPROVEDSEP 30, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE